# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS F. GOMEZ, PABLO HIDALGO-SANCHEZ, FERNANDO REYES, MARIO ESQUIVEL-SOTELO, OSCAR GARNICA-MANRIQUEZ, JUAN AVINA, JONATHAN MARTINEZ-ACOSTA, HELDER RODRIGUEZ, SERGIO CAMACHO-GONZALEZ, RICARDO CERVANTES-VARGAS, CARLOS FLORES-GOMEZ, ROBERTO QUIROZ-CERVANTES, RICARDO RODRIGUEZ, KRISTIAN YANEZ, LUIS TORRES, BRYAN BANKS, DANTE WILLIAMS, TOMMIE COLE, ALEJANDRO CASTENEDA, MARICELA DOMINGUEZ, and MARIA GOMEZ-GONZALEZ,<br><br>Defendants. | Case No. 17-CR-113-JPS<br><br>**ORDER** |

On April 3, 2018, the government filed a motion seeking permission to retain custody of some items of property seized from certain of the Defendants. (Docket #275). None of the Defendants has opposed the government's request. Therefore, pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II), the Court will grant the government's motion. The government will be allowed to maintain custody of the following items pending resolution of the criminal case:

a. One men's 2007 Rolex Submariner watch, bearing serial number M639639, from the residence of defendant Bryan Banks located at 3XXX N. 42nd Street, Milwaukee, Wisconsin;

b. Approximately $5,432.00 in United States currency from the residence of defendant Helder Rodriguez located at 1XXX S. 70th Street, West Allis, Wisconsin; and

c. Two Rolex watches, bearing serial numbers 6J275156 and X897135, from defendant Tommie Cole at or near 2XXX N. 112th Street, Wauwatosa, Wisconsin.

The Court also makes the following findings:

Whereas, the seized assets are already in the custody of the government by virtue of process issued in a matter other than this criminal case;

Whereas, the government has represented to the Court that it will maintain and preserve the seized assets throughout this criminal case so that the assets will be available for possible forfeiture;

Whereas, when the government commences a criminal forfeiture action containing an allegation that one or more specific items of property are subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must, under Title 18, United States Code, Section 983(a)(3)(B)(ii)(II), "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute;" and

Whereas, Title 21, United States Code, Section 853(e)(1) authorizes the Court to take any action necessary to preserve the availability of the property.

Accordingly,

**IT IS ORDERED** that the United States' motion seeking permission to retain custody of property seized (Docket #275) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to Title 21, United States Code, Section 853(e)(1), the United States and its agencies, including the Drug Enforcement Administration, are authorized to maintain and preserve the seized assets until this criminal case is concluded or pending further order of this Court; and

**IT IS FURTHER ORDERED** that this Order satisfies the requirements of Title 18, United States Code, Section 983(a)(3)(B)(ii)(II).

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge